OPINION
{¶ 1} Vertis Clancy appeals from the judgment of the Montgomery County Common Pleas Court in favor of the Erie Insurance Group.
 {¶ 2} This case arises out of an auto accident that occurred on September 16, 1997, in which plaintiff-appellant Vertis O. Clancy ("Clancy") was injured due to the alleged negligence of Jamiruddin Shaikh ("tortfeasor"). In 1998, Clancy received $50,000 as settlement with the tortfeasor's insurance carrier.
 {¶ 3} On May 9, 2002, Clancy and her husband Albert filed their complaint seeking a declaration that they are entitled to excess UIM benefits under a Pioneer Commercial Auto policy issued by Erie to Kunal Corporation d.b.a. Days Inn ("Kunal"). Specifically, appellants allege entitlement to UIM benefits under the commercial auto coverage part pursuant to the Ohio Supreme Court's holdings in Scott-Pontzer v. LibertyMut. Fire Ins. Co. (1999), 85 Ohio St.3d 660; Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557 and/or Selander v. ErieIns. Group (1999), 85 Ohio St.3d 541.
 {¶ 4} On May 31, 2002, Erie filed its answer to Clancy's complaint, denying inter alia, that Clancy was entitled to UIM coverage under the Erie policy issued to Kunal. On November 15, 2002, the parties filed joint stipulations of facts. Also on November 15, 2002, Erie filed its motion for summary judgment.
 {¶ 5} On November 27, 2002, Clancy filed a memorandum in opposition to Erie's motion for summary judgment. In that memorandum Clancy also stated summary judgment should be granted in her favor. Therefore, the trial court treated Clancy's memorandum as a combined memorandum in opposition/motion for summary judgment.
 {¶ 6} On March 27, 2003, the Montgomery County Common Pleas Court granted Erie's motion for summary judgment and denied Clancy's motion for summary judgment. The trial court adopted the legal arguments set forth in Erie's motion for summary judgment. The trial court found that the definition of "anyone we protect" in the Erie insurance policy was not ambiguous; therefore, Clancy was not insured under the Erie commercial auto policy. From that judgment Clancy appealed to this court.
 {¶ 7} The following are the parties' joint stipulation of facts:
 {¶ 8} "On or about September 16, 1997, plaintiff Vertis O. Clancy was involved in a motor vehicle accident with Jamirrudin Shaikh (`tortfeasor').
 {¶ 9} "Plaintiff Clancy claims injury resulted from that accident.
 {¶ 10} "On January 26, 1998, Clancy filed a personal injury action in Montgomery County Common Pleas Court against the tortfeasor, Case Number 1998 CV 00274.
 {¶ 11} "On February 17, 1998, Case Number 1998 CV 00274 was dismissed voluntarily.
 {¶ 12} "On or before February 17, 1998, Clancy settled with and released the tortfeasor.
 {¶ 13} "On September 16, 1997, Clancy was employed by Kunal Corporation, dba Days Inn Dayton North.
 {¶ 14} "On September 16, 1997, Kunal Corporation was a named insured on a policy of Commercial Auto Liability Insurance with Erie Insurance Company, Policy Number Q09-7730050, a copy of which is attached hereto as Exhibit A.
 {¶ 15} "When the subject accident occurred, Clancy was operating a vehicle that she owned.
 {¶ 16} "At the time of the subject accident, Clancy was not in the course and scope of her employment with Days Inn Dayton North.
 {¶ 17} "Before settling with and releasing the tortfeasor, neither Vertis Clancy, nor anyone on her behalf, notified Erie Insurance Company of the settlement."
 {¶ 18} The declaration in the Erie policy provided uninsured motorist coverage on a specifically identified 1994 Ford van and liability coverage for covered autos, non-owned employee autos and the specifically identified van.
 {¶ 19} The Uninsured Motorists Bodily Coverage Endorsement in the Erie policy provides:
 {¶ 20} "We will pay damages for bodily injury that the law entitles you to recover from the owner or operator of an uninsured motor vehicle. . . . Damages must involve bodily injury to anyone we protect."
 {¶ 21} Clancy contended that the coverage endorsement presents the same ambiguity which led to coverage under an employer's commercial automobile policy in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660. Clancy argued that the "anyone we protect" language as defined in the general definitions sections of the policy did not remove the ambiguity found in to word "you" in Scott-Pontzer. Specifically, Clancy contended the definition of "anyone we protect" included the reference to "you" and did not clearly restrict coverage.
 {¶ 22} Erie contended below that the Erie coverage endorsement clearly restricted coverage because the term "anyone we protect" was defined in the policy as follows:
 {¶ 23} "1. You, for any auto we insure;
 {¶ 24} "2. Anyone else while using an auto we insure with your permission, except:
 {¶ 25} "* * *
 {¶ 26} "b. your employee if the auto we insure is owned bythat employee or a member of the employee's household."
 {¶ 27} Erie argues that Clancy, as an employee of the named insured, is specifically excepted from coverage because she was driving an auto she owned at the time of the accident. Erie argues that the presence of the word "you" in the definition of "anyone we protect" does not create an ambiguity in the policy to bring it within theScott-Pontzer holding.
 {¶ 28} Recently the Ohio Supreme Court limited the Scott-Pontzer
holding and overruled Ezawa. The court held that absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or under insured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs during the course of employment. Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 29} It is undisputed that the policy of insurance named Kunal Corporation as the insured and the loss sustained by Vertis Clancy did not occur during the course of her employment with Kunal. Accordingly, the assignment of error is overruled. The judgment of the trial court is Affirmed.
Fain, P.J., and Wolff, J., concur.